IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DERRICK BRANNON SULLIVAN,** § | |
| **PLAINTIFF,** § | |
| § | |
| V. § | **CIVIL CASE NO. 3:24-CV-1803-K-BK** |
| § | |
| **STATE OF TEXAS, ET AL.,** § | |
| **DEFENDANTS.** § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

In 2016, Derrick Brannon Sullivan was found guilty in three separate cases of indecency with a child and was sentenced to three years' imprisonment. *State v. Sullivan*, Nos. F-1324555-S, F-1324563, F-1325621 (282nd Jud. Dist. Ct, Dallas Cnty, Tex., Sep. 16, 2016). On the State's motion, the sentences were cumulated. Sullivan's convictions were affirmed on direct appeal. *Sullivan v. State*, No. 05-16-01138-CR, 2017 WL 6505861, at *1 (Tex. App. Dec. 20, 2017, pet. dism'd). He sought state habeas relief without success. *Ex parte Sullivan*, Nos. WR-89,569-01, -02, -03 (Tex. Crim. App. Sep. 28, 2022).

Sullivan now files in this Court a 22-page pleading titled *A Bill of Complaint in Equity for Subrogration and Substitution, for the Enforcement of Reimbursment [sic] of Securities,*

*Federal Question, Injunctive Relief for Cause*.  Doc. 3.  The complaint is difficult to decipher, largely nonsensical, and littered with jargon that appears to derive from the so-called "sovereign citizen movement."  Sullivan also makes seemingly delusional allegations about his Dallas County convictions in case numbers F-1324555-S, F-1324563, F-1325621.  Doc. 3 at 4, 7.  He seeks to discharge his "debts" in equity and asks for "settlement and closure" of his criminal cases.  Doc. 3 at 5, 22.  Sullivan names as defendants the State of Texas, Trial Judge Amber Givens, Prosecutor John McMillin, Dallas County District Clerk Felicia Pitre, and Texas Solicitor General Reynaldo Tinajero.  Doc. 3 at 1, 5.

Sullivan includes over 70 pages of exhibits with his complaint, consisting of news articles, an affidavit, Securities Reports (Doc. 3 at 26-49), and papers about his national status (Doc. 3 at 50-100).  In his motion to proceed *in forma pauperis*, Sullivan states that he was "[d]ischarged from [p]rison on 07/12/2024 related to this suit."  Doc. 4 at 5.

Upon review, the Court concludes that subject matter jurisdiction is lacking.  Thus, this action should be dismissed without prejudice *sua sponte*.[1]

**II. ANALYSIS**

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, Sullivan has not alleged facts that establish federal question jurisdiction.

---

[1]Because jurisdiction is lacking, the Court need not address the deficiencies in Sullivan's pleadings and motion to proceed *in forma pauperis* or require compliance with the Court's filing requirements.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Sullivan's complaint, however, contains no factual allegations that support federal question jurisdiction. And Sullivan's fleeting mention of due process, the U.S. Constitution and other unspecified federal laws is insufficient to invoke the Court's federal question jurisdiction. *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate judge's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction").

Moreover, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit," as in this case. *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Further, to the extent Sullivan requests that this Court order state officials to act, such relief implicates the federal mandamus statute. That statute provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But this statute does not empower federal courts to compel state officers or state agencies to act. *See Moye v. Clerk, DeKalb Cnty. Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam) (holding federal courts are without power to issue writs of mandamus against state

officers in the performance of their duties where mandamus is the only relief sought); *Moore v. 204th Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) ("Federal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." (citing *Moye*, 474 F.2d at 1276)).

> Finally, Sullivan's claims based on so-called sovereign citizenship are legally frivolous.
>
> Sovereign-citizen legal arguments … are indisputably meritless. So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to "avoid paying taxes, extinguish debts, and derail criminal proceedings." However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse.

*Westfall v. Davis*, No. 7:18-cv-23-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) (citations omitted), *rec. accepted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018).

No plaintiff or petitioner "may 'discharge' their debt, i.e., a conviction, sentence or other basis for detention, under the UCC or other civil statutes and treaties'" or under the mantle of sovereign citizen. *Chineme v. Steven of Meyer Fam.*, No. 3:21-CV-1855-K-BN, 2021 WL 3816341, at *2 (N.D. Tex. Aug. 12, 2021) (citation omitted), *rec. accepted*, 2021 WL 3810913 (N.D. Tex. Aug. 25, 2021). A bare allegation of sovereign-citizen status and that the plaintiff is beyond the jurisdiction of the state or federal courts is frivolous. *See El-Bey v. Davis*, No. 4:18-CV-704-A, 2019 WL 2870066, at *1 (N.D. Tex. July 3, 2019) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts." (quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)). *See also Harris v. Harris*, No. 1:17-CV-261, 2017 WL 2640095, at *4 (N.D.N.Y. Mar. 9, 2017) ("This is not the first time that

an incarcerated plaintiff has somehow attempted to 'extinguish' his criminal conviction or obtain money through the use of a 'trust' or in this case 'breach of contract' or admiralty theory." (collecting cases)), *rec. accepted*, 2017 WL 2633529 (N.D.N.Y. June 16, 2017).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated *supra*, the facts as alleged in Sullivan's complaint demonstrate a lack of subject matter jurisdiction in this Court that is not curable by amendment. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

This civil action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

**SO RECOMMENDED** on July 18, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).